**ORIGINAL**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 DEC 14 PM 4:32



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| PATRICK L. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-209 |
| ) | |
| RUSSELL ABOLT, MICHAEL ) | |
| BROWN, COMMANDER ) | |
| EDWARDS, MICHAEL ) | |
| DELATTORRE, ROSHI SMITH, ) | |
| SIX UNKNOWN AGENT/OFFICERS, ) | |
| CHATHAM COUNTY, STATE OF ) | |
| GEORGIA, and ) | |
| CITY OF SAVANNAH, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Patrick Webb has filed *in forma pauperis* a 42 U.S.C. § 1983 complaint asserting various claims arising from the stop of his automobile and subsequent arrest by Savannah-Chatham County Counter Narcotics Team (CNT) agents in August 2004. The Court will *sua sponte* review plaintiff's complaint to determine whether it is frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(allowing initial review of all *in forma pauperis* complaints, not just those filed by prisoners).

While the exact nature of plaintiff's claims is somewhat difficult to decipher, it appears that plaintiff is asserting the following claims: (1) a false arrest claim arising from his contention that he was subjected to a "pretextual traffic stop without probable cause" on either August 19 or August 20, 2004; (2) a malicious prosecution claim asserting that the arresting officers "filed false police reports with the District Attorney's office" resulting (apparently) in trumped up or unsubstantiated charges being filed against him; and (3) a claim of "professional negligence" by the arresting CNT agents, who somehow "forced" plaintiff to act as a snitch or informant, endangered plaintiff's life during a high speed chase, failed to employ proper booking procedures, and failed to inform the prosecutor that the agents had used plaintiff to "solicit crimes" (by having him assist them in purchasing drugs from other drug dealers). Doc. 1, at 5.[1] Plaintiff does

---

[1]Attached to plaintiff's complaint are copies of an incident report prepared by CNT Agent Michael Delatorre on August 20, 2004, a letter addressed to the mayor (presumably of Savannah) dated February 19, 2005, and an affidavit which plaintiff signed before a notary on November 4, 2004, which provide additional details about the events described in the complaint. According to the incident report, an informant who had earlier alerted CNT agents that defendant regularly sold crack cocaine reported on August 20, 2004 that plaintiff was then in the process of making drug deliveries in his vehicle. After spotting the vehicle and noting that plaintiff was not wearing his seat belt, agents had a uniformed officer conduct a traffic stop. During the course of that stop a search of plaintiff's vehicle revealed crack cocaine and other drug evidence. After being advised of his Miranda rights, plaintiff agreed to speak with the agents, although the report does not detail the specific nature of his cooperation.

not reference any defendant by name in the body of this complaint, and it is difficult to determine exactly whom plaintiff intends to sue.[2]

The Fourth Amendment prohibits "unreasonable . . . seizures," and thus a law enforcement officer who abuses his state authority by conducting a pretextual traffic stop or a warrantless arrest without probable cause is subject to civil liability under 42 U.S.C. § 1983. See Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim."); Herren v. Boyer, 850 F.2d 1543, 1547 (11th Cir. 1988) ("The law is 'clearly established' that an arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment"); Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990) (violation of the Fourth Amendment right not to be arrested without probable cause gives rise to a claim for damages under § 1983). A false arrest claim accrues immediately after the unlawful arrest or seizure, and

---

[2]Plaintiff does not identify any defendant in Part IV, B or C of his form complaint, which directs plaintiff to furnish the full name, position, place of employment, and current address of all defendants, and it is unclear from the caption how many defendants plaintiff actually intends to sue. For example, plaintiff refers to "Michael Brown, City Mgr., City of Savannah, Georgia." It is unclear to the Court whether plaintiff is suing only Michael Brown as the City Manager of Savannah, or intends to sue "Michael Brown, City Mgr." *and* the City of Savannah.

such a wrongful detention or seizure is actionable under the Fourth Amendment regardless of the outcome of any subsequent criminal prosecution. Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 896 (7th Cir. 2001); Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (2nd Cir. 1998); Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); Marx, 905 F.2d at 1507; Parrish v. City of Opp, 898 F. Supp. 839, 843 (M. D. Ala. 1995). Therefore, plaintiff is entitled to proceed with his false arrest claim regardless of whether he was subsequently acquitted or convicted of any charges arising from his arrest by the CNT agents.

Plaintiff, however, is prohibited from proceeding with his false arrest claim because he neglected to file his suit within two years after the accrual of his cause of action. It is well settled that a § 1983 action arising in Georgia is barred if not commenced within two years after the cause of action accrues. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").[3] In this

---

[3]O.C.G.A. § 9-3-33 provides, in relevant part, that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues . . . ."

4

circuit a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) (quoting Mullinax, 817 F.2d at 716).

In determining precisely when a § 1983 claim accrues, the courts occasionally "must seek help from the common law . . . ." Whiting v. Traylor, 85 F.3d 581, 585 (11th Cir. 1996). While a claim for malicious prosecution does not accrue until criminal proceedings have terminated in the plaintiff's favor, Kelly v. Serna, 87 F.3d 1235, 1239 (11th Cir. 1996), a false arrest claim accrues before the termination of the proceedings and is aimed at providing redress for injuries sustained between the time of the arrest and the issuance of legal process. Whiting, 85 F.3d at 585 n.8.

In this case, plaintiff contends that he was arrested at 7:00 p.m. on August 19, 2004 but was not booked at the Chatham County Jail until August 20, 2004.[4] Plaintiff, however, did not file his complaint with this Court until August 21, 2006. It is clear from plaintiff's complaint and the accompanying attachments that plaintiff's cause of action accrued no later

---

[4] Attached to plaintiff's complaint is the incident report of CNT Agent Delatorre and plaintiff's earlier affidavit, both of which reflect an arrest date of August 20, 2004.

5

than August 20, 2004. See Parrish, 898 F. Supp. at 843 ("a claim for false arrest accrues on the date of the arrest."). Thus, plaintiff should have filed his § 1983 action no later than August 20, 2006. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003) ("when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act."); Merriweather v. City of Memphis, 107 F.3d 396, 400 (6th Cir. 1997) (§ 1983 action barred because it was filed one day late). Since plaintiff did not file his complaint until August 21, 2006—two years and a day after his cause of action accrued—his § 1983 false arrest claim is time-barred and should be dismissed as frivolous. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."); accord Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991). Accordingly, plaintiff's false arrest claim should be DISMISSED.

Regarding plaintiff's claim that police officers filed false police reports, "a complaint alleging that an officer filed a false report, by itself, fails to state a claim upon which relief can be granted." Koch v. Austin, 2006 WL 403818, at 5 (E.D. Cal. 2006). However, "[k]nowingly making false

statements to obtain an arrest warrant can lead to a Fourth Amendment violation" when it results in an unreasonable seizure; under these circumstances, the seizure is analogous to a claim of malicious prosecution. Whiting, 85 F.3d at 585 n.5. "In contrast, where an arrest is made before the commencement of a criminal proceeding, the most analogous tort might be that of 'false arrest,'" which can also be a violation of the Fourth Amendment. Id. The Court has recommended dismissal of plaintiff's false arrest claim as time-barred. To the extent that plaintiff is alleging that the filing of false police reports states a claim for malicious prosecution, this claim also should be DISMISSED.

"To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures [and] the elements of the common law tort of malicious prosecution." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003) (emphasis omitted); Kingsland v. City of Miami, 382 F.3d 1220, 1236 (11th Cir. 2004); see Snodderly, 239 F.3d at 901. One of the common law elements that "a plaintiff must allege and prove [is] that the criminal proceeding that gives rise to the action has terminated in favor of the accused." Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998) (citing Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484 (1994)).

Plaintiff stated in the questionnaire that he returned to the Court that he was charged with "possession with intent to distribute crack, possession of pills out of bottle (my prescription), seatbelt [violation], expired tag, and Dui [sic]." Doc. 5. He states that he was convicted of violating the Georgia controlled substances law, and that all other charges were dropped pursuant to a plea negotiation. Id. Plaintiff's conviction was not reversed on appeal, nor has it been overturned through a habeas corpus action or by any other means.

Even assuming, *arguendo*, that plaintiff could show a Fourth Amendment violation, any malicious prosecution claim plaintiff may be attempting to assert arising from his prosecution and conviction for violating the state drug laws is clearly barred, as plaintiff has not shown that the criminal proceeding terminated in his favor. As for any potential claims arising from the other charges leveled against him, while the prosecutor's decision to drop charges may in some circumstances constitute a termination of the proceeding in favor of the accused, "courts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution." Uboh, 141 F.3d at 1004. Plaintiff therefore has failed to state a claim for malicious prosecution in

violation of his Fourth Amendment rights, and this claim should be DISMISSED.

Plaintiff also has failed to state a claim for "professional negligence." "Section 1983 is no source of substantive federal rights. Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right." Whiting, 85 F.3d at 583 (internal citations omitted). Allegations of mere negligence against defendants are insufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Because plaintiff does not allege any specific violation of a constitutional right, his allegation of professional negligence fails to state a claim for relief, and thus this claim should be DISMISSED.

Plaintiff also makes a passing reference in his complaint to a violation of his Sixth Amendment right to counsel after he "invoked" that right. In this case, it seems that what plaintiff is actually alleging is that the officers failed to follow *Miranda* procedures in the context of questioning him following his arrest. While the Supreme Court has not explicitly rejected a cause of action under § 1983 for the violation of a plaintiff's Sixth

Amendment right to counsel, see Weatherford v. Bursey, 429 U.S. 545 (1977), it seems that plaintiff is actually attempting to allege a Fifth Amendment violation for failing to follow proper *Miranda* procedures. The Eleventh Circuit, however, has held that "failing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." Jones v. Cannon, 174 F.3d 1271, 1290 (11th Cir. 1999).

Even if plaintiff had stated a claim under § 1983 for any violation of his constitutional rights, many of the defendants he has named or attempted to state a claim against would be subject to dismissal. While it is unclear which defendants plaintiff actually intends to sue, he either names or possibly intends to name as defendants Russell Abolt, County Manager of Chatham County; Michael Brown, City Manager of Savannah; and Commander Edwards of the Counter Narcotics Team ("CNT"). Plaintiff's allegations against these defendants appear to be based on their positions as supervisory officials. Claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability, however. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc.

Servs. of N.Y., 436 U.S. 658, 691 (1978); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Brown, 906 F.2d at 671; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that the official of supervisor implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). An official or supervisor may also be subject to § 1983 liability when a history of widespread abuse puts him on notice of the need to take corrective action and he fails to do so. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

Plaintiff has failed to allege facts indicating that defendants Abolt, Brown, and Edwards were directly involved in his alleged constitutional deprivations. He attaches a letter, apparently addressed to the Mayor of Savannah, in which he states that Abolt and the mayor knew about the "problems" with CNT, but nowhere in the complaint or letter does plaintiff

indicate what these problems were, nor does he allege that there was a custom, policy, or history of widespread abuse that would subject these defendants to liability under § 1983. Plaintiff therefore has failed to state a claim against defendants Abolt, Brown, and Edwards.

The Eleventh Amendment bars a plaintiff from suing a state or its agencies in federal court unless the state has expressly waived its sovereign immunity and consented to the suit. <u>Welch v. Tex. Dep't of Highways</u>, 483 U.S. 468, 472-73 (1987); <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent"). Since the state has neither waived sovereign immunity nor consented to be sued in federal court, any claim plaintiff may be attempting to assert against the State of Georgia is barred under the Eleventh Amendment. As such, plaintiff seeks damages against a defendant that is immune from monetary relief.

Plaintiff also has failed to state a claim against the City of Savannah and Chatham County. The Eleventh Amendment does not bar plaintiff's claims against the city or county, and counties and municipalities are

"persons" to whom Congress intended § 1983 to apply.  <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690 (1978).  Plaintiff, however, has not alleged that either the county or the city had a policy that caused a government employee to commit a constitutional violation, as required to state a claim pursuant to § 1983.  <u>Id.</u> at 691-692.

Based on the foregoing, plaintiff has failed to state a claim on which relief can be granted.  The Court therefore recommends that plaintiff's complaint be DISMISSED.

**SO REPORTED AND RECOMMENDED** this /4TH day of **December, 2006.**

                                                   **UNITED STATES MAGISTRATE JUDGE**
                                                   **SOUTHERN DISTRICT OF GEORGIA**